Our first case this morning is case number 417-0470, Cooke v. Illinois State Board of Elections. For the appellant, we have Mr. Schwab and Mr. Hubert, is that correct? And Mr. Schwab, you're arguing? Correct. And for the appellee, we have Mr. Griffith, Mr. Latino, and Mr. Dozman, and I show 10 minutes. Mr. Griffith, are you arguing? I'm going to have to say yes. And then Mr. Dozman. Okay. Thank you. You may proceed, counsel. May it please the Court. The Election Code allows any person to file a complaint alleging a violation of Article 9 of the Code, which regulates campaign contributions and expenditures. When a citizen files a complaint, the State Board of Elections is required to hold a closed preliminary hearing to determine whether the complaint is filed on a justifiable basis. If the complaint is found to be filed on a justifiable basis, then the Board is required to hold a public hearing on the merits of the complaint before issuing a final decision on the merits of those claims. In this case, the Board of Elections found that David Cooke's complaint, which raises allegations that the Committee for Frank J. Martino violated Section 9-7, 9-11, and 9-8.10 of the Code, was filed on justifiable grounds. Yet, the Board issued a final order without ever addressing the merits of the complaint. Counsel, that seems to be a major sticking point and a major disagreement between the parties in terms of whether or not the Board found that the entire complaint was justifiable or only portions of the complaint. Can you talk about that a little bit, go into more detail, why you are taking the position that it was the entire complaint? Yes, Your Honor. The respondents say that the Board held that the Section 9-8.10 claims were not filed on a justifiable basis, but they point to nothing in the argument that explicitly says that. Rather, they point to one thing in the Board's order that says that in regard to the allegation that the expenditures made to HAPIs and the bank lack sufficient detail, the complaint was filed on justifiable grounds. But that argument ignores the fact that that doesn't specifically say that the Section 9-8.10 claims were not filed on a justifiable basis, and it ignores other statements in the record and in the order. The Board's order states elsewhere that the recommendations of the Hearing Examiner and the General Counsel were adopted, and in the recommendations of the Hearing Examiner, after acknowledging that the complaint contains allegations of Section 9-7, 9-11, and 9-8.10, the Hearing Examiner's recommendation says that the complaint is filed upon a justifiable basis. In addition, the General Counsel's memo concurs with the recommendation of the Hearing Examiner and doesn't say anything about only a portion of the complaint being filed on a justifiable basis. And also, the transcripts of the Board's May 16, 2016 meeting and executive session shows that no Board member ever discussed, let alone intended to, a fine that only a portion of the complaint should be filed on justifiable grounds. And the findings in the final order indicate that the findings in the Board's final order on May 18, 2017 talk about the Board's order in May 2016 and state that the Hearing Examiner found, after a closed preliminary hearing, that the complaint was filed on justifiable grounds and that on May 18, 2016, that the Board adopted the Hearing Examiner's recommendations, quote, finding justifiable grounds for filing the complaint. So it seems very strange that the Board, after a year of supposedly finding that only a portion of the complaint was filed on justifiable grounds, never said it. And in the record, no member of the Board, no Hearing Examiner, no employee or agent of the Board, from the time that the Board issued its May 2016 order until the time that the Board issued its final order in May 2017, ever stated that only a portion of the complaint was filed on a justifiable basis. Mr. Schwab, being as candid as you would care to be, can you explain to me what happened? By that I mean, did the Board purposefully avoid making this finding or is it a case where nobody knew what they were doing procedurally? Well, Your Honor, I don't know exactly what the members of the Board... What is it that you think should now happen and why? Well, what should happen, Your Honor, is that this Court should remand the 9-8.10 claims back to the Board and require it to make a ruling on the merits, either one way or the other. And that ruling should be based upon the evidence that has already been presented and the recommendations that have been made? Yes, Your Honor. We feel like we've already presented the evidence. At the very least, if the Board found... or if this Court found that the Board should hold a public hearing on the merits, that discovery and all that evidence has already been presented. It could be presented again or we could rely on the public hearing that was already held before the hearing examiner. Because although the hearing examiner limited the scope of that hearing only to decide whether the committee complied with the Board's May 2016 order to amend... He let them put in all the evidence. He let us put in all the evidence. Did the other side put in whatever they wanted to put in? I believe the other side responded to the evidence and the arguments. You can ask the counsel for the committee whether they feel like they adequately responded. But even if they didn't, this Court could allow the Board to hold another public hearing. So you would have no objection to that? We would have no objection to that. Our main objection in this case is that we weren't even allowed to have... the Board didn't even allow us to have a decision on the merits of the claims that we made in this case. Now, counsel, what about the fact that opposing counsel says, well, they find the committee, this is moved, you've been granted relief, we're wasting time here, basically? Well, Your Honor, the complaint contained four counts. And what we've been talking about are the Section 9-8.10 claims. And there are really two kinds of claims under 9-8.10. One is under 9-8.10A9, it prohibits a committee from paying for personal vehicles. And that is exactly what the evidence shows that the committee was doing here. They were paying for vehicles they did not own or lease for gas and repairs for those vehicles, rather than paying for the mileage that those people that owned those vehicles used for campaign or government purposes. So that's one claim under the 9-8.10. And it's undisputed that the Board did not address the claim at all. The other one is the claim that the expenditures to HAPIs and the bank were in excess of fair market value. And, again, that was not addressed by the Board. What the respondent's argument seems to address is the issue of the 9.7 and the 9.11 claims. And those are various requirements about reporting and recording expenditures. And so the argument that I understand that the respondents are making in that case is that there's a finding in the final order, I think it's finding 12, that says something along the lines that these disclosures that the committee made to HAPIs and the bank were illegal. And it erroneously states 9.8.10 when it probably should have or it seems like it meant 9.7 and 9.11. So to the extent that the respondents are conceding that the Board addressed those claims but just cited the wrong section number, then our argument is that this Court can correct that and issue a finding or issue an order either correcting the Board's finding and stating that the 9.7 and 9-11 claims, there was sufficient evidence to show violation, or it can remand, if it's not clear to the Court that the Board, this mistake, that what they really meant was 9.7 and 9.11, you could remand the case to the Board on those claims to correct the order itself or to, if it did not intend to do that, then it could hold another hearing on the merits or just rule one way or the other. And if it held a hearing on the merits, what additional relief would be granted, presumably what could be granted to your client? Well, we dispute the argument in the committee's brief that we're limited to a $5,000 fine. The Section 9-8.10 claims specifically have their own fine that's not limited to $5,000. So the Board could issue a fine. But my client is most interested in this case of just having a finding on the record, because what we're talking about here is campaign requirements of elected officials, and the legislature felt that it was important that citizens have the ability to file complaints when they believe that violations of the election code took place. And here we have what seems to be a major violation of the election code over a long period of time, and it seems important enough to the legislature that we have a decision on that so that people are informed about whether their elected officials are complying with the laws that they themselves have written. So my client's main interest is that he gets a fair shake at having his claims heard before the Board of Elections, and the legislature's intent in passing this law of allowing citizens to file complaints before the Board of Elections is so that citizens can know that their elected officials aren't taking advantage of these campaign laws. Counsel, just so I understand, you're saying the remand would be for a hearing on the merits and not whether the complaint for the 9-8.10 violation was filed on justifiable grounds. That's correct, because we believe that the clear intention of, or the clear statement of the Board's order and the hearing officer's recommendation was that the entire complaint was filed on justifiable grounds. And that's what the language indicates, and the subsequent record indicates that there's no evidence that anybody ever stated that only a portion of the complaint was filed on justifiable grounds. So if the portions of the complaint that you believe have not been addressed, if they are addressed and it's found that there were violations, then the public will be served because there will be transparency. And in addition to that transparency, assuming that you were to prevail below, there could be fines imposed that are greater than $5,000. Correct. And other elected officials will know what is and what is not permitted under the campaign finance laws. Do you think it's ambiguous, what's required of them? I don't think so, but this case began with a report, I believe, in a newspaper about the spending. And I believe the reporter approached somebody from the Board of Elections and was told that the Board of Elections could not do anything unless a citizen filed a complaint. So unless a citizen filed a complaint, then these laws could not be enforced. So if this case continues so that when a citizen, like my client David Cook, files a complaint and then doesn't get an actual hearing on the merits of his claims, that will dissuade future people from filing complaints when there are violations of the election code. And because the board has said that they can't do anything about it, the law will be skirted by, presumably, by elected officials, or at least in theory it could be. So it's important that if we're going to have a system where citizens are allowed to keep their elected officials accountable to comply with campaign finance laws, then they are actually given a hearing on the merits of those claims. So it's about accountability. You're not taking the position that there was some confusion as to what the law is and what the expectations and requirements are? No. In fact, I think in this case, with respect to what was done, I think the law is very clear that what was done was not consistent with what the law requires. Your Honor, I do not have anything else I will refer to. All right, thank you. You'll have more time on rebuttal if you desire. Thank you. May it please the Court, I'm Assistant Attorney General Aaron Dozman and I represent the State Respondents. This case is about the preliminary hearing and the Board's order coming out of that preliminary hearing. The preliminary hearing stage is where the Board figures out whether the complaint was filed on justifiable grounds. The Board is charged with determining whether there is some evidentiary basis for some violation of the code. There's a low evidentiary bar and complaints can be amended to conform with the evidence that is presented. The only question coming out of a preliminary hearing that the Board has to answer is, was the complaint filed on justifiable grounds? It is unlike a motion to dismiss in circuit court where specific counts need to be ruled on. That is what happened in this case. Cook filed a pro se complaint that alleged several code violations. The hearing officer sorted through that evidence, looked at all the arguments, and made a recommendation about what the evidence supported, what kinds of violations under the code the evidence supported. The Board then found that in regard to the allegations that the expenditures made to Hathi's and the Spring Valley City Bank lacked sufficient detail, the complaint is filed on justifiable grounds. It is a qualified finding that the complaint was filed on justifiable grounds. Well, opposing counsel just went through a litany of examples of places in the record that don't really agree with what you just said. The only finding in the Board's preliminary order that speaks to what was filed on justifiable grounds is that finding, the qualified finding. And to be fair, it doesn't cite any specific code violations. And so I think that's where the confusion comes from in this case. Everyone seemed to know at the preliminary hearing what the case was about, what was happening. It was only until Cook retained counsel and counsel came in after the preliminary hearing stage where they wanted to resurrect some claims that had no basis past the preliminary hearing stage. The scope of the May 2016 order is what determined what was going to happen going forward. To be fair, it doesn't list out 9-7, 9-11, 9-8.10 violations specifically. But the Board, as is its practice, is light in these orders. And everyone seemed to know what was going on except the counsel that came in the case late. You are suggesting that the Board knew what was going on? Absolutely. The Board knew what evidence was presented to it at the preliminary hearing stage. The hearing officer has a rather detailed explanation and recommendation of that. Can you point me to language in the hearing officer's recommendation that would clearly indicate to a later fact finder or adjudicator what was before it? Sure. Page 171 of the record is the conclusion of the hearing officer's recommendation. Paragraphs 14 and 15 of that page say, the expenditures to Spring Valley City Bank lack sufficient detail and do not disclose the purpose and or receipts of numerous disbursements. The Board makes no findings on whether or not the reported totals of expenditures to HAPIs are accurate. I'd back up. You mean the hearing officer or the Board? This is the basis of the hearing officer's recommendation, which is exactly in line with the Board's finding in the preliminary hearing order, which supported that. What does that language mean? That the Board can look to see if there was a violation of 9-8.10? Is that what that language means? Or does it mean that they can't? What the Board's order means is that this is the basis. These are the only allegations that have adjusted. If those allegations are proved, what section would be violated? 9-7 and 9-11. Those speak to a lack of sufficient detail. Those go to the reporting requirements for these reports. 9-8.10, A-2, and A-9. A-2 goes towards expenditures clearly in excess of a fair market value. And A-9 goes towards permissible and impermissible uses of campaign vehicle use and reimbursing mileage and stuff like that. And at the preliminary hearing stage, what Cook really had, all he had, were the reports. And the reports were deficient on their face. Actually, Cook won at the preliminary hearing stage. There was no additional evidence needed. And without the committee amending those reports to parse out who made an expenditure to whom and by how much, there wasn't anything else the Board could determine on an A-9 or an A-2 violation. So everyone was hampered by the deficient reports. And that's why the Board then ordered the committee to amend the report. That was the extent of the Board's authority at that point. And was the report amended? They were not. So the failure to report ends up theoretically defeating the complaint, which needed the report to be able to flesh out what would be the problems with A-8 as opposed to A-7 and A-9. That's true. That's true. But the Board had the authority. The extent of its power was to fine the committee. It can't do anything else? It can't ask for or say, hey, what about this? No, the failure to comply with the Board order, the maximum fine is $5,000. And that's the design of the code and the regulation. That's all the committee could do at that point to the committee. Counsel, do you agree that if we were to find that the entire complaint was found to be filed on justifiable grounds, then this would have to go back because everything was not resolved? Well, I have a few layers to that question. If there is any kind of remand, it needs to go back to the preliminary hearing stage. But before Cook could do that, that ship has sailed on that moment because they never asked to amend the complaint, even after they had some discovery and they had new evidence. They never sought direct administrative review of that May 2016 preliminary hearing order. They just proceeded through the proceedings, assuming they were continuing to litigate claims that were outside the scope. And they were told at all these stages that these are outside of the issue that's before us. The hearing officer let them present their evidence, but the hearing officer still kept to the issue at hand. And they were told at every moment in the proceedings that this is outside of the scope, this is outside of the scope. And then in their opening brief on direct administrative review, they make no argument challenging the scope of the May 2016 order. And that's where the two positions diverged. Do you agree that the hearing officer did recommend to the board that they find that the complaint is filed on justifiable grounds? Is that a recommendation of the hearing officer? Yes. And was it adopted by the board? It was adopted by the board with qualification. Where is the qualification? The qualification in the board order is in its finding that in regard to the expenditures at Happy's and the bank, they lack sufficient detail. And then in the hearing officer's recommendation, it's the same thing. It has to be read in context. There are findings that precede the conclusion that the complaint was filed on justifiable grounds. Otherwise, it would be a situation where you could throw the kitchen sink of code violations in and it's not an all or nothing thing. You can't. The board has authority to parse out what's a baseless claim and what's a... If we go back to the preliminary hearing stage, what would happen? Well, the board would need to look at the evidence again. I don't think they... I think they have one piece of new evidence that was already presented at the public hearing, which was about the committee not owning or leasing a vehicle. Could there be an amendment to the complaint? I think they've missed that point here on direct administrative review. That's forfeit. But they're really trying to backdoor change the May 2016 order and they've just missed that point. Your Honors, my time is up. The court has no further questions. Thank you, counsel. Thank you. Mr. Griffiths. Good morning, Your Honors. My name is Carson Griffiths and I represent the committee for Frank Montino. I'd like to begin with your question, Justice Holder-White, regarding what was found at the close preliminary hearing. And the hearing officer's recommendations and the board's decisions were clear, that the only issue they found to be vital and justifiable grounds was the lack of sufficient detail in the reporting. Those were the only factual findings made in either of those decisions, and the remedy ordered by those decisions was directed only at amended reporting. There was no discussion of fair market value. There was no discussion of campaign vehicles. There was simply no affirmative findings of any violation of 9-8.10. And under the code, that is fatal to Mr. Cook's claim because the code requires an affirmative finding of justifiable grounds. The code states that if the board fails to make any findings as to justifiable grounds, the complaint is dismissed. So in this case, it's very critical that the board made a specific limited finding and an express finding only as to one set of claims. The absence of findings as to other claims shows that there was no finding of justifiable grounds and that portion of the complaint was dismissed. So Mr. Cook's argument essentially is that because a certain part of the complaint advanced to the public hearing, all the claims now get to be considered, which runs counter to the board's discretion in amending the complaint at the closed preliminary hearing, and it runs counter to the entire purpose of the preliminary hearing, which is to narrow the claims that the board has to consider at any subsequent public hearing. Well, counsel, here's where I get hung up on that. If there's a lack of sufficient detail in the reporting, how could the board or anyone know whether there were any other violations until there is sufficient detail in the reporting? Well, that might be, but in this case, Mr. Cook never asked to amend the complaint. He never discovered any evidence during the extensive discovery that he conducted that would support those violations and never asked to amend the complaint to add additional violations. The first time he's raising it is in this court. So that's clearly forfeited. In a different case, perhaps maybe if something came to light from amended reporting that would support additional violations, presumably they either object to the findings at the closed preliminary hearing or file an amended complaint, but there was no request to do either of those here. They simply tried to shoehorn in the new claims at the public hearing after the proceedings had been clearly established that the issue was the compliance with the board's order. I'd like to address, Justice Connacht, your point regarding whether everyone knew what they were doing. And I'd like to note that during a September 2016 board meeting, Vice Chairman Gallin stated, quote, there's a deadline for this committee to file amended reports, period. That is the heart and soul of this order. So I only bring that to your attention, he's speaking to Mr. Cook, so you understand it's a very, very limited obligation on this committee, extremely limited. The board knew that the issue at hand was compliance with its May 2016 order and nothing else. And that aligns with the board's regulations. Under the regulations, a closed preliminary hearing is held if a complaint is filed on justifiable grounds or claims are filed on justifiable grounds. The board then gives the committee a chance to comply. If the committee does not comply, then it holds a public hearing. That's exactly what the board did here, but only with respect to the reporting, not with respect to any other claims. And because there were no other claims before the board, Mr. Cook lacked standing to challenge the board's order at the public hearing. He prevailed on the claims that he properly presented to the board at the public hearing. He was not aggrieved in any way by the board's decision at the public hearing. No fine was imposed on him, it was imposed on my client. And it was the maximum fine allowable under the regulations. Certainly, the board interpreted it as such below a decision that this court should defer to. Finally, with respect to Mr. Cook's request of relief and what should happen on remand, Mr. Cook essentially has conceded that he wants an advisory opinion on hypothetical violations of the code, which is our position. He definitely did not establish the evidence presented at the public hearing. This court is not in a position to ask the board to render advisory opinions or to pass on the proper procedures for internal board proceedings. And there would be no additional fine imposed here, because A, Mr. Cook has forfeited many times over the board's ability to impose a higher than $5,000 fine. B, the board itself believed that $5,000 was the maximum, which in interpreting its own regulations is owed deference. And the regulations themselves say that for any violation of Article 9, the board is required to give the committee a chance to comply. And if the committee does not comply with that order, they then impose a fine up to $5,000. Mr. Cook's claims are alleged violations of Article 9. They are alleged violations of Article 9-8.10. So if the proceedings went back, there would be a determination of justifiable grounds, perhaps. Although, again, we contest the sufficiency of his evidence to establish those violations. The board would order the committee to comply. The committee, as a dissolved entity, would be unable to comply. And there would be nothing left to do. There would be no fine imposed. And even the members who wanted to consider the 9-8.10 claims at the public hearing indicated that any fine would run concurrently, meaning that there would be, in practical effect, no additional fine imposed. It would be $5,000 regardless. So there really is no effective relief that this court can grant, even if it agrees with Mr. Cook. Did the committee own a vehicle? No. Ms. Manoux testified in her deposition that the committee did not. Then don't the expenditures, which were not properly recorded, isn't that prima facie evidence of violation of the law? No, because personal vehicles can be used for campaign purposes. There's nothing wrong with that. And individuals can be reimbursed for personal use of campaign vehicles through committee funds. Through mileage, not just going to get gas? Correct. The code does state that there's supposed to be reimbursements for actual mileage. Well, how does that equate to the expenditures to the gas station? It equates to the expenditures to the gas station? I'm sorry. Supposedly, they had a tab at the gas station, and they would just go fill up and, I guess, say that this was for campaign-related matters, versus I did this on behalf of the campaign, here's my mileage, reimburse me for my mileage. Correct. But Mr. Cook was required to prove that that was a knowing violation of the code. There is a mental state in Section 9-8.10, and Ms. Manoux testified at her deposition that this is the way the committee had done things for over 15 years, and the committee presented evidence that other political committees report their expenditures similarly. I don't see how that goes to whether or not you knowingly did it. I mean, that doesn't prove that you didn't knowingly do it. Well, it proves that there's no knowing violation of the code, in that if she was unaware that the reporting was off. And, again, we're talking about reporting, which was before the Board, and the Board found in Mr. Cook's favor on that point. This is not the occasion to consider the substantive actual expenditures themselves. So there's a difference between reporting the expenditures and making the expenditures. Mr. Cook is advancing an argument regarding the making of the expenditures, but that's not before this Court, and he failed to ever raise that claim until it was time for the public hearing, and he suddenly wanted to resurrect some claim that had never appeared before with regard to the non-campaign vehicle. So we would object highly for this Board to consider those issues when there had been no warning at all that they were going to arise until the public hearing. So, with respect to the findings, if the case were to go back, as Mr. Cook argues, with respect to the findings that the Board should enter and what should happen, again, I want to emphasize that the Committee has turned over what it has. It cooperated with the Board and it cooperated in the process. This is a dissolved Committee. So the evidence in the record... It cooperated with the Board when it never complied with the order to amend the reports? It could not comply with the order because no one can revive the Committee. Mr. Montino is prohibited from reopening this political Committee while he's serving as Auditor General. So the Committee can't comply with the order as an entity. Does the record show how much money was spent at that gas station? It does. How much is it? It was approximately $250,000 over a span of several...over a decade. $99,000 to $2,015,000 maybe?  $295,000 to $259,000, something like that. So it was an excessive... But I'd like to note that Mr. Cook never presented any evidence about what a reasonable amount of mileage is for a Committee to drive. And also, the total amount of gas purchased is not directed at the fair market value rule. The fair market value rule is directed at the rate at which a willing buyer and a willing seller would exchange products. And the gas was bought at fair market value rates. Mr. Cook's evidence proved that, in fact. So his evidence does not show that the Committee violated the fair market value rule with respect to gasoline, with respect to the bank, or the Committee vehicle rule under Section 9-8.10A9. And for...unless this Court has any other questions... I don't see any at this time. Thank you, Counsel. Thank you. Any rebuttal, Mr. Schwab? Briefly, Your Honor. Mr. Dozman says that Cook won his claims at the preliminary hearing and that no additional evidence was needed after the preliminary hearing because the 9-7 and 9-11 claims were approved after the Committee failed to comply with the Board's May order to amend those complaints, which...to amend those disclosure reports. The Committee...or, I'm sorry. The Board gave the Committee until July 25, 2016 to do so. And it's undisputed that the Board did... or that the Committee did not actually amend its disclosure reports. So, according to Mr. Dozman, the case should have been over at that point. Yet, somehow, the Board and the hearing examiner allowed my client to conduct discovery, extensive discovery, not on those issues, but on the 9-8-10 issues. And then Mr. Dozman says that we were told throughout the whole proceeding that we...that that issue was not before us. Well, if it wasn't before us, if the case was over, then why were we allowed to conduct the discovery? And given the fact that the recommendation of the hearing examiner states that the...that Cook's complaint alleges violations of 9-8-10, why would Mr. Cook think that he needed to amend his complaint? It clearly states in the recommendation that the complaint contains those allegations. And there's nothing that shows that those complaints were dismissed. In fact, there's no order. There's nothing in the record that says that the 9-8-10 claims were dismissed. Despite the fact that the Code requires, when the Board finds that a claim is not found on a justifiable basis, the Code requires the Board to issue a dismissal order and findings. Well, a couple of questions. So it's your position that there were always 9-8-10 claims? That's correct, Your Honor. So this is not something that just came up at the public hearing? No, and the recommendation of the hearing officer back in April of 2016 explicitly says that, as we've pointed out in our brief. And then you had the motion to dismiss that was filed by the committee, correct? Right. And that was denied in its entirety? Correct. No language saying, okay, we grant this as to certain claims, but we're moving forward on others? Correct. And the statement that at the point where the 9-8-10 claims were allegedly not found on justifiable grounds, the point that we should have somehow appealed that decision is very strange because interlocutory appeals are not allowed. If you have a four-count complaint and two counts are dismissed and two counts continue, then you can't appeal to the appellate court in normal circumstances for a decision on that issue. So I'm not exactly sure what counsel thinks that we should have done at that point, given that he admits that the 9-7 and 9-11 claims were valid. In fact, the first chance that we could have appealed to this court, challenging the alleged dismissal of those claims, was when we appealed to this court for this issue. So there really was no chance, even assuming that they're correct, which they're not, for us to do so. And then with respect to the evidence on the 9-8-10 claims, the evidence is overwhelming, and as I think your honors have noted, the evidence shows that at Happy's, the committee had a tab which had allowed its family members, Ms. Manoux and Mr. Martino, to fill up their gas tanks, and Mr. Martino's personal vehicles were repaired. That evidence comes from Ms. Manoux's testimony, where she says that the committee did not own or lease any vehicles, and that these were personal vehicles, and that the committee was paying for these gas and repairs of personal vehicles. And that's clearly not allowed by the election code. So the evidence is overwhelming, even if there's a high threshold for evidence for Cook, to prove that the board's decision was in clear error, even if that's the standard. There's clear evidence that the board ignored, and that the board violated that section. So even if they're right, this court has to remand the case to the board, because the evidence was clear. Counsel, you're out of time. Thank you. Thank you. We'll be in recess. This matter will be taken under advisement.